**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHARLES W. HOLLOWAY, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil/Criminal Action No. RDB-20-0377 |
| STATE OF MARYLAND, *et al.*, | * | |
| *Defendants*. | * | |

* * * * * * * * * * * * *

## MEMORANDUM ORDER

The Plaintiff, Charles W. Holloway, filed this action against his former employer, the Maryland Military Department, and related entities, FreeState Challenge Academy and the State of Maryland, alleging employment discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17. This Court entered a Settlement Order under Local Rule 111 on June 3, 2024. (ECF No. 64). That Settlement Order specifically specified as follows:

> **This action is hereby dismissed and each party is to bear its own costs unless otherwise agreed, in which event the costs shall be adjusted between the parties in accordance with their agreement. The entry of this Order is without prejudice to the right of a party to move for good cause within 90 days to reopen this action if settlement is not consummated. If no party moves to reopen, the dismissal shall be with prejudice.**

(ECF No. 64.) Neither the Plaintiff nor the Defendants moved to reopen the action within ninety days of the entry of that Settlement Order. Accordingly, the dismissal of this case was **with prejudice**, as of September 3, 2024.

Mr. Holloway filed a Motion to Compel Compliance with Settlement Agreement on March 27, 2026 (ECF No. 65) and subsequently filed a Motion to Seal (ECF No. 69). Those motions have remained pending before this Court and the matter has been fully briefed by the parties. The Motion to Seal (ECF No. 69) is GRANTED. For the reasons set forth below, the Motion to Compel (ECF No. 65) is DENIED.

This Court has previously recognized that the enforcement of a contractual settlement agreement "is more than just a continuation or renewal of the dismissed suit." *Columbia Gas Transmission Corp. v. Ashleigh Heights LLC*, 261 F. Supp. 2d 332, 333 (D. Md. 2002) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)). Judge Chasanow of this Court has more recently recognized that this Court simply has no subject matter jurisdiction to enforce the terms of a settlement agreement. *See CMFG Life Ins. Co. v. Jenifer*, No. DKC-19-3054, 2021 WL 424365, at *1–*2 (D. Md. 2021). As in that case, the terms of the settlement agreement in this case were not incorporated in the order of dismissal. *Id.*; *see also* (ECF No. 64.) Accordingly, this Court has no jurisdiction over what is essentially a contractual dispute and the Motion to Compel (ECF No. 65) is DENIED. It is HEREBY SO ORDERED this 5th day of November, 2026.

Date: November 5, 2026

Richard D. Bennett
United States Senior District Judge